UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

RONALD J. TEDESCHI,

    Plaintiff,                                           CASE NO.

v.

RECEIVABLE MANAGEMENT SERVICES
aka RMS, aka D&B RECEIVABLES,

    Defendant.
_____/

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, RONALD J. TEDESCHI ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, RECEIVABLE MANAGEMENT SERVICES aka RMS, aka D&B RECEIVABLES, ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who resides Pompano Beach, County of Broward, State of Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office in Richfield, Ohio.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

10. Defendant places calls to Plaintiff from unknown telephone numbers and telephone number (330) 659-1000. (See attached Exhibit "A:").

11. Defendant calls Plaintiff on his cell phone number (954) 328-0753 and on his home telephone number (954) 975-6763. (See attached Exhibit "A").

12. Defendant calls Plaintiff and hangs up without leaving a voicemail message.

13. Defendant places calls to Plaintiff and does not provide meaningful disclosure of the caller's identity.

14. Defendant has not provided a debt validation letter to Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.**

15.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

a)     Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

b)     Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff and;

c)     Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and hangs up without leaving a voicemail message.

d)     Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by calling Plaintiff and hanging up without leaving a voicemail message.

e)     Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies verification of the debt or a copy of a judgment against the consumer and a the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the

30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

f) Defendant violated *§1692g(b)* by continuing collection activities and communications without providing Plaintiff with validation of the alleged debt.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

16. Declaratory judgment that the Defendant's conduct violated the FDCPA.

17. Actual damages.

18. Statutory damages of $1000.00 pursuant to the FDCPA, 15 U.S.C. 1692k.

19. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: /s/Matthew Kiverts
Matthew Kiverts
Krohn & Moss, Ltd
120 W Madison St, 10th Floor
Chicago, IL 60602
Phone: (312) 578-9428 ext. 203
Fax: (866) 431-5576
Attorney for Plaintiff
FBN: 0013143

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RONALD J. TEDESCHI, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)

Plaintiff, RONALD J. TEDESCHI, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, RONALD J. TEDESCHI, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 1/28/10

RONALD J. TEDESCHI,
Plaintiff

# **EXHIBIT A**











<-">
output





(954) 721-5400
FL, USA

Tedeschi Isabel
mobile

RMS
mobile

RMS
mobile

RMS
mobile

RMS
mobile

RMS
mobile

RMS
mobile

Tedeschi Isabel
mobile

1/14/10

1/13/10

1/9/10

| Name | Mobile |
|---|---|
| Comanic David | mobile |
| RMS | mobile |
| Tedeschi Isaia | mobile |
| Tedeschi Isaia | mobile |
| RMS (2) | mobile |
| Comanic David | mobile |
| (954) 721-5400 FL USA | mobile |
| RMS | mobile |

